# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | | |
|---|---|---|
| KATIA LITTON,<br>　　*Plaintiff* | § § § | |
| v. | § § | C.A. No. _____ |
| MERRICK B. GARLAND,<br>ATTORNEY GENERAL,<br>DEPARTMENT OF JUSTICE,<br>FEDERAL BUREAU OF INVESTIGATION,<br>　　*Defendants* | § § § § § § | (JURY TRIAL DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Katia Litton, filing her Original Complaint complaining of Defendants, Merrick B. Garland, United States Attorney General, United States Department of Justice, and the Federal Bureau of Investigations, in support of which Plaintiff respectfully shows the Court as follows:

### I.   JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to (i) 28 U.S.C. §1331 and (ii) Title VII of the Civil Rights Act of 1964.

2. Katia Litton resides in Lubbock, Texas. Plaintiff is a female and is protected by Title VII.

3. Merrick B. Garland is the Attorney General of the United States and is named as a Defendant in this suit in his official capacity. The Department of Justice and the Federal Bureau of Investigations are agencies of the United States and are named as Defendants in this suit under color of legal authority. The named Defendants in this suit are sometimes hereinafter collectively

referred to as "Defendant" or "the FBI". The FBI was at all times Plaintiff's employer within the meaning of Title VII.

4. The FBI employs more than five hundred (500) regular employees.

5. Venue is appropriate in this Court pursuant to 28 USCS §1391(e).

**Vicarious Liability – Respondeat Superior**

6. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives, and was done to further Defendant's interests, to accomplish the objective for which said agents were hired, and within the course and scope of that employment or within the authority delegated to said agents.

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about July 14, 2017. In that Charge, No. 570-2018-00403X, and any amendments and/or attachments thereto, Plaintiff asserted that Defendant discriminated against her because of her gender.

8. Plaintiff is now forced to file this suit in order to protect her employment rights. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.   FACTUAL BACKGROUND

9. At all times relevant hereto, Plaintiff was employed by the Federal Bureau of Investigation ("FBI" or "Agency") as a Special Agent ("SA").

10. On September 15, 2010, Plaintiff, her husband FBI Special Agent Matthew Litton, FBI Special Agent Drew Barnett, and FBI Intelligence Analyst Ali Sawan were arrested for allegedly failing to disclose medications they took, including steroids and/or human growth hormones, on their fitness for duty forms. Later that year, the Department of Justice withdrew the criminal charges.

11. Though the criminal charges were dismissed, the Agency placed Plaintiff on indefinite suspension from duty and pay from September 15, 2010, through January 31, 2012. Identically, the Agency also placed SA Barnett on indefinite suspension without pay from September 15, 2010, through January 31, 2012.

12. In February 2012, the Agency reinstated Plaintiff and SA Barnett and returned both Special Agents to pay status. The Agency did not pay either Plaintiff or SA Barnett for the loss of pay associated with the 2010 indefinite suspensions at this time.

13. Two years later, in February 2014, the Agency proposed Plaintiff's and SA Barnett's removals from federal service and placed them on indefinite suspension without pay. The proposed removals arose from the same facts that gave rise to the 2010 arrests and indefinite suspensions.

14. On July 21, 2014, the Agency issued a decision overturning the proposal to remove SA Barnett. Instead, the Agency decided to suspend SA Barnett for 20 days without pay. The Agency returned SA Barnett to work on or about July 24, 2014. More than three months later, the Agency paid SA Barnett back pay on November 3, 2014. The Agency's back pay payment compensated SA Barnett for the 2010 indefinite suspension as well as the 2014 indefinite suspension. It took the Agency more than three (3) months to process and issue SA Barnett's back pay.

15. On September 4, 2014, the Agency issued a decision to terminate Plaintiff. Plaintiff appealed her termination to the FBI's Disciplinary Review Board ("DRB").

16. Such process led Plaintiff to file an employment discrimination complaint with the EEOC—Case No. 570-2015-00377X—which was ancillary to the allegations in this suit. That inquiry sought to determine whether the use of the SF-93 medical forms that precipitated Plaintiff's 2010 arrest were lawful under the ADAAA.

17. On May 25, 2016, the Agency's DRB issued a decision vacating her dismissal and mitigating it to a 20 day suspension.

18. On March 5, 2017, the Agency reinstated Plaintiff.

19. On March 18, 2017, the Agency issued to Plaintiff her first paycheck following her reinstatement. This paycheck did not include Plaintiff's back pay for the 2010 indefinite suspension or the 2014 suspension.

20. Plaintiff communicated via email with the FBI's Human Resources Department from March 16, 2017 through June 29, 2017 regarding when she could expect her back pay for the 2010 indefinite suspension and the 2014 suspension.

21. On April 4, 2017, Plaintiff emailed the Human Resources Division inquiring as to the procedure for requesting back pay. On April 5, 2017, the Human Resources Division advised Plaintiff to contact attorney Chad Tang to further discuss her back pay. Mr. Tang had represented the FBI throughout Plaintiff's employment disputes. Upon being referred to Mr. Tang, Plaintiff became suspicious that she would not receive her back pay.

22. On May 15, 2017, Appellant contacted the EEO office to initiate this complaint.

23.     On or about May 25, 2017, Appellant received her May 17, 2014, paycheck. The May 17, 2014, paycheck included back pay and benefits for the period of the 2014 suspension and Appellant's termination, but not the 2010-2012 suspension.

24.     Though the FBI did not issue any explicit notice to Plaintiff that she would not receive her back pay, it was upon receipt of the backpay for the 2014 suspension that Plaintiff realized the FBI had denied her back pay for the 2010 – 2012 suspension.

25.     The effect of the employment practices complained of herein have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

## IV.     CAUSE OF ACTION

**Unlawful Employment Practices Under Title VII – Discrimination on the Basis of Sex**

26.     Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

27.     Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment, in violation of Title VII.

28.     Specifically, such discrimination consisted of the Agency's failure to reimburse Plaintiff's salary plus interest and benefits for a vacated indefinite suspension, in contrast to its full reimbursement to Plaintiff's male comparator after identical allegations, suspensions, and resulting decisions to reinstate.

29.     Such acts by Defendant have caused substantial injury and damage to Plaintiff.

## V.     JURY DEMAND

30.     Plaintiff requests this action be tried to a jury.

## VI.  DAMAGES

31. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies, and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental, compensatory, punitive and consequential damages in an amount to be proved at trial.

32. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action. Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

33. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

34. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks postjudgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.  PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

    a.    Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of race and disability and retaliates for opposing same.

    b.    All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

    c.    Compensatory damages for pain and mental suffering in the past and future;

    d.    Reasonable attorney's fees, with conditional awards in the event of appeal;

    e.    Pre-judgment interest at the highest rate permitted by law;

    f.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    g.    Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

    h.    Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Dated: July 19, 2022

Respectfully submitted,

The Law Office of Keith C. Thompson, P.C.
11003 Quaker Avenue
Lubbock, Texas 79424
(806) 783-8322 (Telephone)
(806) 783-8357 (Telecopier)

_____/s/ *Keith C. Thompson*_____
Keith C. Thompson
SBN: 24013631
kct@kctlaw.us

_____/s/ *Alexa C. Lunsford*_____
Alexa C. Lunsford
SBN: 24116698
acl@kctlaw.us
Attorneys for Plaintiff